GREGORY F. HURLEY (SBN 126791)
MICHAEL J. CHILLEEN (SBN 210704)
ROGER L. SCOTT (SBN 247165)
GREENBERG TRAURIG, LLP
3161 Michelson Drive, Suite 1000
Irvine, CA  92612-4410
Telephone:  (949) 732-6500
Facsimile:  (949) 732-6501
E-mail:  hurleyg@gtlaw.com
chilleenm@gtlaw.com; scottro@gtlaw.com

Attorneys for Defendant
Tommy Bahama R&R Holdings, Inc.
dba Tommy Bahama #0096

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin Vogel,<br><br>          Plaintiff,<br><br>     vs.<br><br>Ontario Mills Limited Partnership; Ontario Mills II Limited Partnership Simon Property Group, LP; AE Retail West, LLC dba Aerie #02851; Aeropostale West, Inc. dba Aeropostale #00717; Banana Republic, LLC dba Banana Republic Factory Store #7983; Converse, Inc. dba Converse #0020; Cotton On USA, Inc. dba Cotton On; Dave & Busters of California, Inc. dba Dave & Busters #10; Dave & Busters, Inc. dba Dave & Busters #10; The Gap, Inc. dba Gap Outlet #7779; H&M Hennes & Mauritz, LP dba H&M #177; SB Capital Acquisitions, LLC dba JC's 5 Star Outlet; Levi's Only Stores, Inc. dba Levi's Outlet Store #310; Marshalls of CA, LLC dba Marshalls #665; Nautica Retail USA, Inc. dba Nautica #0066; Nike Retail Services, Inc. dba Nike Factory Store #110; Old Navy, LLC dba Old Navy #5788; La Jolla Retail, Inc. dba O'Neill #013A; Pacific Sunwear Stores Corp. dba PacSun #01000; | CASE NO.  13-cv-03334 DMG (JCGx)<br><br>**DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Action Filed:   Jun 25, 2013<br>Trial Date:      None Set |

DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

OC 287145598v2

Cornerstone Apparel, Inc. dba Papaya Clothing; QS Retail, Inc. dba Quiksilver Factory Store #0836; Rainforest Café, Inc. dba Rainforest Café; World of Jeans & Tops dba Tilly's #12; Tommy Bahama R&R Holdings, Inc. dba Tommy Bahama #0096; PVH Retail Stores, Inc. dba Tommy Hilfiger #104; U.S. Outlet Stores Ontario, LLC dba U.S. Polo Assn. #0004; VF Outdoor, Inc. dba Vans #081; VF Outlet, Inc. dba Vans #081; The West Seal Retail, Inc. dba Wet Seal #626; Windsor Fashions, Inc. dba Windsor #0501; Zumiez, Inc. dba Zumiez #123,

     Defendants.

CASE NO.  13-cv-03334 DMG (JCGx)

DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

OC 287145598v2

Defendant TOMMY BAHAMA R&R HOLDINGS, INC. ("Defendant") hereby answers the First Amended Complaint ("Complaint") filed by Plaintiff Martin Vogel ("Plaintiff") as follows:

SUMMARY

1.      Answering paragraph 1 of the Complaint, Defendant denies each and every allegation.

2.      Answering paragraph 2 of the Complaint, Defendant denies each and every allegation.

JURISDICTION

3.      Answering paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

4.      Answering paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5.      Answering paragraph 5 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

VENUE

6.      Answering paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

PARTIES

7.      Answering paragraphs 7-27 and 29-34 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies each and every allegation.

8.      Answering paragraph 28 of the Complaint, Defendant is not required to

OC 287145598v2

answer legal conclusions and argument, and on that basis, denies each and every allegation.

9.      Answering paragraph 35 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies each and every allegation.

## FACTS

10.      Answering paragraphs 36-56 and 58-63 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies each and every allegation.

11.      Answering paragraph 57 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

12.      Answering paragraph 64 of the Complaint, Defendant denies each and every allegation.

13.      Answering paragraph 65 of the Complaint, Defendant denies each and every allegation.

14.      Answering paragraph 66 of the Complaint, Defendant denies each and every allegation.

15.      Answering paragraphs 67-106 and 109-120 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies each and every allegation.

16.      Answering paragraph 107 of the Complaint, Defendant denies each and every allegation.

17.      Answering paragraph 108 of the Complaint, Defendant denies each and every allegation.

18.      Answering paragraph 121 of the Complaint, Defendant denies each and every allegation.

DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

OC 287145598v2

19.     Answering paragraphs 122-163 and 166-177 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies each and every allegation.

20.     Answering paragraph 164 of the Complaint, Defendant denies each and every allegation.

21.     Answering paragraph 165 of the Complaint, Defendant denies each and every allegation.

22.     Answering paragraph 178 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 177 of this Answer as set forth above.

23.     Answering paragraph 179 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

24.     Answering paragraphs 180-954  and  992-1213 of the Complaint, Defendant is not required to answer legal conclusions and argument and is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies each and every allegation.  As applicable where Plaintiff incorporates prior allegations, Defendant also repleads and incorporates by reference, as if fully set forth again herein, its prior responses contained in this Answer as set forth above.

25.     Answering paragraph 955, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 954 of this Answer as set forth above.

26.     Answering paragraph 956 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

27.     Answering paragraph 957 of the Complaint, Defendant denies each and every allegation.

CASE NO.  13-cv-03334 DMG (JCGx)
DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

OC 287145598v2

28.     Answering paragraph 958 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29.     Answering paragraph 959 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

30.     Answering paragraph 960 of the Complaint, Defendant denies each and every allegation.

31.     Answering paragraph 961 of the Complaint, Defendant denies each and every allegation.

32.     Answering paragraph 962 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

33.     Answering paragraph 963 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

34.     Answering paragraph 964 of the Complaint, Defendant denies each and every allegation.

35.     Answering paragraph 965 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

36.     Answering paragraph 966 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

37.     Answering paragraph 967of the Complaint, Defendant denies each and every allegation.

38.     Answering paragraph 968 of the Complaint, Defendant is not required to

CASE NO.  13-cv-03334 DMG (JCGx)
DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

OC 287145598v2

answer legal conclusions and argument, and on that basis, denies each and every allegation.

39.    Answering paragraph 969 of the Complaint, Defendant denies each and every allegation.

40.    Answering paragraph 970 of the Complaint, Defendant denies each and every allegation.

41.    Answering paragraph 971 of the Complaint, Defendant denies each and every allegation.

42.    Answering paragraph 972, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 971 of this Answer as set forth above.

43.    Answering paragraph 973 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

44.    Answering paragraph 974 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

45.    Answering paragraph 975 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

46.    Answering paragraph 976 of the Complaint, Defendant denies each and every allegation.

47.    Answering paragraph 977 of the Complaint, Defendant denies each and every allegation.

48.    Answering paragraph 978 of the Complaint, Defendant denies each and every allegation.

/ / /

CASE NO.  13-cv-03334 DMG (JCGx)
DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

OC 287145598v2

49.     Answering paragraph 979, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 978 of this Answer as set forth above.

50.     Answering paragraph 980 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

51.     Answering paragraph 981 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

52.     Answering paragraph 982 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

53.     Answering paragraph 983 of the Complaint, Defendant denies each and every allegation.

54.     Answering paragraph 984 of the Complaint, Defendant denies each and every allegation.

55.     Answering paragraph 985 of the Complaint, Defendant denies each and every allegation.

56.     Answering paragraph 986 of the Complaint, Defendant denies each and every allegation.

57.     Answering paragraph 987, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 986 of this Answer as set forth above.

58.     Answering paragraph 988 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

/ / /

DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

OC 287145598v2

59.     Answering paragraph 989 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

60.     Answering paragraph 990 of the Complaint, Defendant denies each and every allegation.

61.     Answering paragraph 991 of the Complaint, Defendant denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses to all of Plaintiff's claims and causes of action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to properly mitigate his alleged damages and, therefore, is precluded from recovering those alleged damages.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Plaintiff's alleged damages and the occurrences alleged in the Complaint were caused by the negligence and/or fault of other persons or entities, whether or not parties to this action, and Defendant's alleged liability should be reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE

### (Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

CASE NO.  13-cv-03334 DMG (JCGx)

DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

OC 287145598v2

Without conceding that Defendant made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any "alterations" to the subject property, including to the features alleged in the Complaint, were made to ensure that the facility would be readily accessible to the maximum extent feasible.  28 C.F.R. § 36.402.

## FIFTH AFFIRMATIVE DEFENSE

### (Privilege)

Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

## SIXTH AFFIRMATIVE DEFENSE

### (The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary Function is Disproportionate to the Cost of the Overall Alteration)

Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Reliance Upon Local Building Authorities)

Plaintiff's Complaint, and each claim alleged therein, are barred by Defendant's good faith reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the facility at issue.

## EIGHTH AFFIRMATIVE DEFENSE

### (Undue Burden)

DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

OC 287145598v2

Insofar as the Defendant has not made the alterations to the facility at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Technically Infeasible)

Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged architectural barriers identified in the Complaint would be technically infeasible.

## TENTH AFFIRMATIVE DEFENSE

### (Reasonable Modifications to Policies, Practices And Procedures)

Plaintiff's claims are barred because Defendant made and/or was willing to make reasonable modifications to its policies, practices and/or procedures to accommodate Plaintiff's alleged disabilities and/or Plaintiff never requested such a modification.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to pursue his alleged claims.  To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  To satisfy the "injury in fact" element of standing in a barrier case, a plaintiff must demonstrate that he is likely to return to patronize the accommodation in question.  *Wilson v. Kayo Oil Company*, 535 F.Supp.2d 1063, 1070 (S.D. Cal. 2007) ("[A]n ADA plaintiff cannot manufacture standing to sue in federal court by simply claiming that he intends to return to the facility.").  Here, Plaintiff lacks standing to pursue his alleged claims because Plaintiff is not a bona fide patron, he is a mere "tester," and he

DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
OC 287145598v2

is not deterred from visiting and/or does not intend to return to the subject properties.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands/Inequitable Conduct of Plaintiff)

Defendant is informed and believes, and based thereon alleges, that the Complaint, and the whole thereof, is barred by the doctrine of unclean hands and/or the inequitable conduct of Plaintiff.  Defendant alleges that the Complaint is barred because Plaintiff and his counsel are deliberately targeting Defendant's stores to extort monetary settlements and asserting false and deliberately misleading accusations about access barriers and discrimination.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiff's alleged claims are barred, in whole or in part, because the barriers alleged in the Complaint no longer exist, or have never existed; thus, Plaintiff will not again be subjected to the same alleged wrongful conduct by Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Name All Necessary and Indispensable Parties)

The Complaint is deficient and subject to dismissal because Plaintiff has failed to name all necessary and indispensable parties, such as the proper tenants and/or landlords.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Removal of Architectural Barriers Is Not Readily Achievable)

Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged architectural barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account all of the statutory factors identified in 42 U.S.C. 12181(9).

///

///

DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

OC 287145598v2

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

Defendant alleges upon information and belief the Complaint as a whole, and each claim for relief asserted therein, is barred by the expiration of the applicable statutes of limitations.  Plaintiff's Complaint is barred to the extent the claims therein are based on isolated occurrences during visits more than two years prior to the date the Complaint was filed.  Cal. Civ. Proc. § 335.1; *see, e.g., Californians for Disability Rights, Inc. v. California Dept. of Transp.*, 2009 WL 2982840, \*1 (N.D. Cal. 2009) (California's two-year limitations period for personal injury actions applies to federal disability discrimination claims brought in California).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Defendant Provided Services Via Alternative Methods)

Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged architectural barriers (42 U.S.C. §12182), such as, by personally assisting Plaintiff with respect to any of the barriers alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justifications)

The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against this Defendant because any actions taken with respect to Plaintiff were for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Difficulty, Discomfort or Embarrassment)

Defendant is informed and believes, and based thereon alleges, that Plaintiff did

DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

OC 287145598v2

not experience any difficulty, discomfort, or embarrassment because of the alleged violations, and Plaintiff is thereby barred from asserting any claim against Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Damages)

Defendant is informed and believes, and based thereon alleges, that Plaintiff has not suffered any damage, did not personally encounter the alleged violations, and was not deterred from accessing the subject public accommodation as a result of any actions taken by Defendant. Plaintiff is thereby barred from asserting any claim against Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Dimensional Tolerances)

Plaintiff's claims are barred because the violations alleged in the Complaint are within the dimensional tolerances allowed by state and federal laws, regulations, code, guidelines, and industry standards.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Effective Access)

To the extent that any feature of the property was not in compliance with applicable access standards as alleged in the Complaint, the feature nonetheless provided effective access to Plaintiff, including because Plaintiff was able to access and use the features at issue (accessible entrance; dressing room bench; clear floor space; and dressing room mirror) and/or because access was provided via alternative methods, including but not limited to, upon information and belief, providing assistance to disabled patrons.

DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

OC 287145598v2

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the violations alleged in the Complaint would, if granted, result in a fundamental alteration of Defendant's property and/or services.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Equivalent Facilitation)

Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, does not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Full Compliance Is Structurally Impracticable)

Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements would be structurally impracticable, including without limitation, because the unique characteristics of the terrain prevent the incorporation of accessibility features identified in the Complaint.

## PRAYER

WHEREFORE, Defendant prays that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice, and that judgment be entered in favor of Defendant;

2.     That Plaintiff take nothing by way of his Complaint;

3.     That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.     For such further and other relief as the Court may deem just and proper.

DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

OC 287145598v2

1   DATED:  September 9, 2013          GREENBERG TRAURIG, LLP

2

3                                    By /s/ Gregory F. Hurley

4                                       Gregory F. Hurley
                                        Michael J. Chilleen
5                                       Attorneys for Defendants
                                        Tommy Bahama R&R Holdings, Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    16          CASE NO.  13-cv-03334 DMG (JCGx)
DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST
                              AMENDED COMPLAINT

# DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.


DATED:  September 9, 2013           GREENBERG TRAURIG, LLP

                                    By /s/ Gregory F. Hurley
                                       Gregory F. Hurley
                                       Michael J. Chilleen
                                       Roger L. Scott
                                       Attorneys for Defendant
                                       Tommy Bahama R&R Holdings, Inc.

DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

OC 287145598v2