SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ADRIENNE W. LEE, Cal. Bar No. 265617
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714-513-5100
Facsimile: 714-513-5130
ghurley@sheppardmullin.com
alee@sheppardmullin.com

Attorneys for Defendant
TOMMY BAHAMA
R&R HOLDINGS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARTIN VOGEL,

Plaintiff,

vs.

ONTARIO MILLS LIMITED PARTNERSHIP; ONTARIO MILLS II LIMITED PARTNERSHIP; SIMON PROPERTY GROUP, LP; AE RETAIL WEST, LLC dba AERIE #02851; AEROPOSTALE WEST, INC. dba AEROPOSTALE #00717; BANANA REPUBLIC, LLC dba BANANA REPUBLIC FACTORY STORE #7983; CONVERSE, INC. dba CONVERSE #0020; COTTON ON USA, INC. dba COTTON ON; DAVE & BUSTERS OF CALIFORNIA, INC. dba DAVE & BUSTERS #10; DAVE & BUSTERS, INC. dba DAVE & BUSTERS #10; THE GAP, INC. dba GAP OUTLET #7779; H&M HENNES & MAURITZ, LP dba H&M #177; SB CAPITAL ACQUISITIONS, LLC dba JC's 5 STAR OUTLET; LEVI'S ONLY STORES, INC. dba LEVI'S OUTLET STORE #310; MARSHALLS OF CA, LLC dba MARSHALLS #665; NAUTICA RETAIL USA. INC. dba

CASE NO. 2:13-cv-03334 DMG (JCG)

**DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO SEVER AND DISMISS BASED ON MISJOINDER**
**[Fed. R. Civ. P. 21]**

Date: November 15, 2013
Time: 9:30 a.m.
Ctrm: 7, Second Floor

Action Filed: June 25, 2013
Trial Date: None Set
Assigned to: Hon. Dolly M. Gee

NAUTICA #0066; NIKE RETAIL SERVICES, INC. dba NIKE FACTORY STORE #110; OLD NAVY, LLC dba OLD NAVY #5788; LA JOLLA RETAIL, INC. dba O'NEILL #013A; PACIFIC SUNWEAR STORES CORP. dba PACSUN #01000; CORNERSTONE APPAREL, INC. dba PAPAYA CLOTHING; QS RETAIL, INC. dba QUIKSILVER FACTORY STORE #0836; RAINFOREST CAFÉ, INC. dba RAINFOREST CAFÉ; WORLD OF JEANS & TOPS dba TILLY'S #12; TOMMY BAHAMA R&R HOLDINGS, INC. dba TOMMY BAHAMA #0096; PVH RETAIL STORES, INC. dba TOMMY HILFIGER #104; U.S. OUTLET STORES ONTARIO, LLC dba U.S. POLO ASSN. #0004; VF OUTDOOR, INC. dba VANS #081; VF OUTLET, INC. dba VANS #081; THE WET SEAL RETAIL, INC. dba WET SEAL #626; WINDSOR FASHIONS, INC. dba WINDSOR #0501; ZUMIEZ, INC. dba ZUMIEZ #123,

Defendants.

## I. INTRODUCTION

This lawsuit arises from Plaintiff Martin Vogel ("Plaintiff"), and his counsel's improper effort to join 32 independent retail establishments and apparent landlords and/or property managers (collectively, "Defendants") into one lawsuit alleging various disability access laws. As explained in defendant Tommy Bahama R&R Holdings, Inc.'s ("Tommy Bahama") moving papers, Plaintiff's attempt to join dozens of unrelated Defendants into one lawsuit violates the conjunctive requirements of Federal Rules of Civil Procedure, Rule 20(a)(1) that joinder occur only when claims arise from (i) a common transaction or occurrence, and (ii) common factual or legal issue. Plaintiff's Opposition completely fails to establish why joinder of so many separate entities is in any way proper.

First, Plaintiff fails to address in any way, the requirement that his claims arise from the same transaction or occurrence because there is simply no way to do so. As one court in an identical case brought by Plaintiff's counsel recently noted, "It cannot be said that the Defendants have embarked on a collaborative mission to place toilet-paper dispensers a little too high, or make bathroom stalls a bit too narrow."[1] This alone is sufficient grounds to determine that the Defendants have been improperly joined.

Second, Plaintiff asserts that there is only one single "facility" at issue, an argument flatly contradicted by his own Complaint. Plaintiff plainly alleges that each defendant owns, operates, manages, and/or leases a separate facility. (*See, e.g.*, Complaint ¶¶ 67-120.) Further, Plaintiff alleges that the "Entire Ontario Mills Facility" is yet another separate facility controlled only by three defendants. (Complaint, ¶ 7.) Nowhere does Plaintiff claim that any of the other 30 defendants has any control over the mall itself. (*See, e.g.*, Complaint, ¶¶ 8-63.)

[1] *Kohler v. Toys 'R' Us-Delaware, Inc.*, 12-CV-04127-ODW-CW, (C.D. Cal., October 9, 2012) (Hurley Decl., Ex. B p. 14).

Third, providing a separate and distinct ground to grant Tommy Bahama's Motion, Plaintiff fails to establish that his claims involve any common issue of law or fact. Plaintiff ignores existing Ninth Circuit precedent to argue that a common issue of law exists simply because each defendant at a different facility, supposedly denied him access, and claims common facts by doubling down on his false "same facility" argument.

Plaintiff knows that these are failing arguments because his counsel has, at least three times, had defendants severed and dismissed on identical issues.

The proper remedy for such improper joinder is to sever and dismiss (without prejudice) the retail defendants that are not property managers or owners of Ontario Mills mall, including Tommy Bahama. Thus, Tommy Bahama respectfully requests that this Court do so here.

## II. ARGUMENT

### A. Plaintiff's Claims Fail to Meet Either Joinder Requirement

A plaintiff may join defendants in one action only if they meet two specific requirements:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A–B). Claims that do not satisfy this standard must be alleged in separate complaints filed in separate actions.

#### 1. Plaintiff Concedes That His Claims Do Not Arise Out Of A Single Transaction Or Occurrence

Plaintiff's Opposition fails to show that his claims arise from the "same transaction or occurrence" as required for permissive joinder. Plaintiff does not even cite or attempt to distinguish the "transaction or occurrence" cases relied on by Tommy Bahama.

In fact, the only reference Plaintiff even makes to this requirement is to cite the general proposition that "the 'same transaction' requirement, refers to similarity in the factual background of a claim." [Op. at 2:23-26] *citing Coughlin v Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). But, Plaintiff makes no effort to apply *Coughlin* to the facts at hand because doing so undermines his claims.

In *Coughlin*, the Ninth Circuit, applying the "liberal" standard Plaintiff touts, upheld the district court's severance for misjoinder finding:

> The mere allegation of general delay is not enough to create a common transaction or occurrence. Each Plaintiff has waited a different length of time, suffering a different duration of alleged delay. Furthermore, the delay...varies from case to case.
>
> *****
>
> Moreover, Plaintiff s do not allege that their claims arise out of a systematic pattern of events and, therefore, arise from the same transaction or occurrence. Plaintiffs do not allege a pattern or policy of delay in dealing with all applications and/or petitions by the INS. Rather, Plaintiffs merely claim that, in specified instances, applications and petitions have not been addressed in a timely manner. [] Thus, Plaintiffs' claims are not sufficiently related to constitute the same transaction or occurrence.

*Id.*

Applying this logic here, Plaintiff s mere allegation of disability access violations is not enough to create a common transaction or occurrence. He alleges differing and varying violations against each defendant. Moreover, Plaintiff does not allege that his claims arise out of a systematic pattern of events, and does not allege that Defendants had some sort of policy of denying access to disabled persons. Rather, Plaintiff merely claims that multiple different establishments independently failed to provide adequate access. Any supposed "factual similarity" of his claims is merely superficial and cannot support the "same transaction or occurrence" requirement of Rule 20(a)(2).

Plaintiff s failure to establish this required element is sufficient, on its own, to bar permissive joinder. Thus, the Court should grant Tommy Bahama's Motion and sever and dismiss Tommy Bahama from this action.

**2. Plaintiff's Complaint Admits That Defendants Occupied Separate Facilities**

Plaintiff's Opposition appears to rely on the false proposition that the 32 Defendants in this action are somehow part of a single facility: "Vogel must rely on the allegation in his complaint, which support permissive joinder as a matter of law because they establish...the defendants owned, operated or leased the same facility." [Op. 4:25-5:1] (emphasis added).

Plaintiff's own Complaint directly contradicts this assertion. Plaintiff explicitly alleges that each and every individual defendant "own[s], operate[s], manage[s], and/or lease[s]" a separate facility. See Complaint ¶¶ 8-34(e.g. "The Tommy Bahama Defendants own, operate, manage, and/or lease the Tommy Bahama Facility" Complaint ¶ 28]. Plaintiff alleges he visited the "Facilities," [Complaint ¶70] (emphasis added) and proceeds to list the myriad different barriers encountered at each separate facility. [Complaint ¶¶65-120.]

In a further attempt to support his "single facility" argument, Plaintiff asserts:

> [T]he shopping center is a single facility as defined by the ADA and Department of Justice. How, and to what extent, the defendants control that facility, and thus would be responsible (or liable) for ADA compliance, is an open question that cannot be answered without discovery.

[Op. at 4:18-22.]

Again, Plaintiff's own Complaint itself debunks this argument. Plaintiff makes separate factual and legal allegations against the "Entire Ontario Mills Facility" citing alleged violations different from those in each of the 30 tenant facilities. [Complaint ¶¶67-120]. Plaintiff alleges that only two defendants (Simon Property Group, Inc., and The Retail Property Trust) "own, operate, manage, and/or lease" the "Entire Brea Mall." [Complaint ¶ 2, lns. 4-6; ¶ 7.] Plaintiff never alleges that any other defendant had any control over the shopping center itself. Thus, there is no basis to claim that the defendants occupied a single facility.

**3. Plaintiff's Claims Do Not Involve Common Questions Of Law Or Fact**

As explained above, Plaintiff s failure to address the required "same transaction or occurrence" element is, by itself, sufficient grounds to grant Tommy Bahama's Motion and sever and dismiss Tommy Bahama from this action.

As a separate and distinct grounds to grant the Motion, Plaintiff fails to establish that his claims involve any common question of law or fact. Plaintiff fails to address in any way the Ninth Circuit's holding that "The mere fact that Plaintiff s claims arise under the same general law does not necessarily establish a common question of law or fact." *Coughlin v. Rogers*, 130 F.3d at 1351; *see also Bejaran v. Leuth*, 2010 WL 1444591, *3 (E.D. Cal. April 12, 2012), *Carter v. Foulk*, 2009 WL 839105 at *2.

Instead, Plaintiff argues exactly the opposite, claiming that joinder is proper because "Vogel alleged the same four claims against each defendant, which will inevitably lead to common questions of law." [Op. at 6:3-4.] Notably, Plaintiff cites no law in support of his position.

Further, Plaintiff s argument that "common questions of fact" exist doubles down on the false statement that the defendants somehow share a single facility. [Op. at 6]. As set forth above, this argument is contradicted by Plaintiff's own Complaint.

In sum, Plaintiff failed to establish either of the required elements to support permissive joinder. Thus, the Court should grant Tommy Bahama's Motion and sever and dismiss Tommy Bahama from this action.

**B. <u>Plaintiff Fails to Address Or Distinguish The Existing Decisions Against His Own Counsel</u>**

As Tommy Bahama explained in its Motion, Plaintiff's counsel has previously attempted improper joinder in identical circumstances, and those claims were severed and dismissed. *See Mclver v. Stoneridge Centre Partners, LP*, 10-CV-

1346-JFW (CWx) (E.D. Cal. Jan. 31, 2011) (Dkt. 28); *Kohler v. Toys 'R' Us-Delaware, Inc.*, 12 CV-4127-ODW (CWx) (E.D. Cal. 2012) (Dkt. 93); *Kohler v. Midland, LLC et al.*, 3L12-cv-0148-JM-WMC (Dkt. 38). (Hurley Decl., Exs. A, B, E). Plaintiff fails to address these cases in any way, or explain why his counsel is again attempting the same rejected tactic.

Instead, Plaintiff asserts that there are "many opinions finding joinder proper in the same circumstances," supposedly supported by a footnote sting-cite of cases. [Op. at 5:7- 8]. These cases do not even appear to support Plaintiff's position, in that they show that courts have regularly issued orders to show cause whether joinder is proper and offered defendants the option to move for misjoinder. And, the footnote includes the *McIver* case, where the Court found joinder improper. (Hurley Decl., Ex. E.). Thus, the Court should grant Tommy Bahama's Motion and sever and dismiss Tommy Bahama from this case.

**C. <u>The Proper Remedy For Improper Joinder Is To Sever and Dismiss All But The First Named Defendant</u>**

If the test for permissive joinder is not satisfied, a court in its discretion may sever the misjoined parties. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Then after severance, the court can dismiss all but the first named defendant without prejudice. *Id.*; Fed R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

Plaintiff, without citation, argues that he should be granted leave to amend his Complaint. (Op., p. 9.) Plaintiff fails to explain why the procedure established in *Coughlin* (and applied to Plaintiff s counsel in *Mclver v. Stoneridge Centre Partners, LP, Kohler v. Toys 'R' Us-Delaware, Inc.* and *Kohler v. Midland, LLC*) is either insufficient or improper in this circumstance, and does nothing to explain how the Complaint could be amended to address the misjoinder. Thus, the Court should grant Tommy Bahama's Motion and sever and dismiss Tommy Bahama from this action.

## III. CONCLUSION

For the foregoing reasons, Tommy Bahama respectfully requests that the Court grant this Motion, and sever and dismiss Tommy Bahama from this action.

Dated: November 1, 2013

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *\/s/ Gregory F. Hurley*

GREGORY F. HURLEY
Attorneys for Defendant
TOMMY BAHAMA
R&R HOLDINGS, INC.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626-1993.

On November 1, 2013, I served true copies of the following document(s) described as **DEFENDANT TOMMY BAHAMA R&R HOLDINGS, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO SEVER AND DISMISS BASED ON MISJOINDER [Fed. R. Civ. P. 21]** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**AND**

**BY MAIL to Christopher M. Lal only:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

***Attorneys for World of Jeans and Tops***
Christopher M. Lal
Tillys
10 Whatney
Irvine, CA 92618
949-609-5599
949-609-5508 (fax)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 1, 2013, at Costa Mesa, California.

*/s/ Carole Dubienny*
Carole Dubienny